## Case No. 10,658.

### In re PADDOCK.

[6 N. B. R. 396.] [1]

District Court, E. D. Michigan. Oct. 6, 1871.

BANKRUPTCY—WITNESS FEES—RIGHT OF CREDITOR TO CLAIM FEES.

When a creditor presents his claim for probate, he at once subjects himself and his claim to the power and jurisdiction of the court, and becomes subject to its orders within the provisions of the bankrupt act [of 1867 (14 Stat. 517)], among which is the provision that the court may examine such creditor concerning the debt sought to be proved. He is, therefore, so examined as a party to the proceedings, and is in no sense a "witness"; hence the refusal of the assignee to pay witness fees under such circumstances must be sustained.

[In the matter of S. Paddock, a bankrupt.]
By HOVEY K. CLARKE, Register:

I do hereby certify that on the twelfth day of September last, the deposition of Horace G. Miller, taken before Cephas R. Dresser, one of the commissioners of the United States circuit court for this district, was filed in my office, to prove the claim of said Miller against the estate of said bankrupt; and on the twentieth day of September last the deposition of John G. Gistivit, taken before the same commissioner, was filed in my office, to prove the claim of said Gistivit against the said estate. I further certify that on September twenty-sixth, on the petition of the assignee of said estate, a copy of which is hereto annexed, I made an order requiring the attendance of said Miller and Gistivit before me, to submit to an examina-

---

[1] [Reprinted by permission.]

tion of their said claims, as required by the twenty-second section of the bankrupt act; that on this sixth day of October, said Miller and Gistivit appeared and submitted to the examination required by such order. I further certify that after such examination the said Miller and Gistivit asked for the allowance and payment to them by said assignee of the regular witness fees, to wit: to the said Miller, for one hundred and thirty miles travel, at ten cents per mile, thirteen dollars; one day's service, one dollar and fifty cents; and to the said Gistivit, for ninety-five miles travel, nine dollars and fifty cents, and one day's service, one dollar and fifty cents; which the assignee insists ought not to be allowed, for the reason that creditors who have proved their claims are required by the bankrupt act to attend for such examination and are not entitled to fees as witnesses; and an issue of law thereon arising, I have caused the question to be stated in writing, and herewith adjourn the same into court for the decision of the judge, as required by the fourth section of the bankrupt act.

LONGYEAR, District Judge. When a creditor presents his claim for probate, he at once subjects himself and his claim to the power and jurisdiction of the court, and both thereby become subject to the orders of the court, under and within the provisions of the bankrupt act, among which is the provision that the court may examine such creditor concerning the debt sought to be proved. Section 22. He is so examined as a party to the proceedings, and is in no sense a "witness" in the sense in which that word is used in the act of congress allowing fees to witnesses. Blatchford, J., has held expressly that witness fees cannot be allowed in such case. Bankrupts examined under section 26 are clearly not entitled to witness fees. In re Okell [Case No. 10,474]; In re McNair [Id. 8,907]. Blatchford, J., bases his decision, and, I think, with entire correctness, on the analogy of the claim to witness fees in the two instances, "the language of section twenty-two, in regard to the examination of the bankrupt and of a creditor, and the language of section twenty-six in regard to the examination of the bankrupt, being substantially identical." The assignee was therefore correct in refusing to pay to the creditors, Horace J. Miller and John D. Gistivit, fees as witnesses on their examination before the register concerning their respective claims, and such claim for witness fees must be disallowed.

[The case was subsequently heard upon the petition of the assignee to reject certain debts proven before the register. Case No. 10,657.]